FIRST DIVISION

July 18, 2005

 No. 1-03-2684

DON MAZIN,

Plaintiff-Appellant,

v.

CHICAGO WHITE SOX, LTD., an Illinois Limited Partnership; ILLINOIS SPORTS FACILITIES AUTHORITY, a Municipal Corporation; THE CITY OF CHICAGO, a Municipal Corporation; CHI SOX CORPORATION, a Delaware Corporation, 

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 01 L 5447   

Honorable

Kathy M. Flanagan,

Judge Presiding.

OPINION MODIFIED ON DENIAL OF REHEARING

PRESIDING JUSTICE CAHILL delivered the modified on denial of rehearing opinion of the court:

Plaintiff Don Mazin was injured while standing on a tree grate outside Cellular Field, formerly known as Comiskey Park, in Chicago, Illinois.  Plaintiff filed a negligence action against the City of Chicago (City), the Illinois Sports Facilities Authority (Authority) and Chicago White Sox, Ltd., and Chi Sox Corporation (collectively, the White Sox).  The trial court granted summary judgment for all defendants and plaintiff appeals.  We affirm in part, reverse in part and remand for further proceedings.

The pleadings, depositions and photographs in the record reveal the following.  The paved sidewalk surrounding Cellular Field contains several rectangular cutouts in which trees grow. Metal grates surround the base of each tree and cover the soil.  The grates contain numerous smaller openings that radiate outward from the center in a web-like pattern.

Plaintiff and his friends attended a night game at Cellular Field on May 12, 2000.  They left the park at around 11:30 p.m.  At some point, plaintiff became separated from his friends and stopped next to a tree outside the park.  Plaintiff stood on the metal grate surrounding the tree while he waited for his friends.  The space between the center of the grate and the tree trunk measured approximately six to seven inches.  The grate was flush with the sidewalk and approximately four to five inches above the soil.

As plaintiff waited by the tree, Ryan Dwyer appeared from behind plaintiff and called his name.  Plaintiff turned and grabbed the tree.  As he turned, plaintiff's right foot landed between the grate and the tree.  Dwyer tapped plaintiff lightly on the left shoulder, causing plaintiff to fall with his foot beneath the grate.  Dwyer then fell onto plaintiff, causing plaintiff to sustain serious injury to his foot.

Plaintiff filed a negligence action against defendants.  The City moved for summary judgment.  The City argued: (1) it was not liable to plaintiff because the area where plaintiff fell was a parkway and was not unreasonably dangerous as a matter of law; and (2) plaintiff's injury was not proximately caused by a condition on the land.  The remaining defendants joined in the City's motion.  The trial court found: 

"The area of the tree and the decorative grate is a parkway pursuant to the rationale in the case of 
Barnhisel v. Village of Oak Park
, [311 Ill. App. 3d 108, 724 N.E.2d 194 (1999).]  Thus, it is subject to a lesser standard of care tha[n] what is applicable to sidewalks.  A parkway is reasonably safe unless the complained of condition is in the nature of a pitfall, trap, snare or other like obstruction.  
See
 
Marshall v. City of Centralia
, [143 Ill. 2d 1, 570 N.E.2d 315 (1991)].  In the instant case, the condition of the tree grate has not been shown to amount to a pitfall, trap, snare or other like obstruction and, as such, it is not unreasonably dangerous.  Furthermore, while the [c]ourt need not even reach the issue of proximate cause, the evidence shows that the act of [p]laintiff's friend hitting him and causing him to step into the hole in the grate and fall was not foreseeable and thus, an intervening act."

The trial court entered summary judgment for all defendants.  On appeal, plaintiff argues: (1) judgment for the City was improper because the area where plaintiff fell was a sidewalk and not a parkway; (2) assuming the area is deemed a parkway, the City breached its duty to plaintiff by failing to maintain the area free of pitfalls, traps, snares or the like; (3) the trial court erred by applying the same standard of care to the City as it did to the remaining defendants; and (4) a genuine issue of material fact exists as to which defendant owns and maintains the area where plaintiff was injured.

Summary judgment is proper where the pleadings, depositions and admissions on file, when viewed in the light most favorable to the nonmoving party, reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  
Jinkins v. Lee
, 209 Ill. 2d 320, 329, 807 N.E.2d 411 (2004).  The granting of summary judgment is reviewed 
de novo
.  
Jinkins
, 209 Ill. 2d at 329.

We address plaintiff's arguments out of sequence and begin with his contention that summary judgment was improper because a genuine issue of material fact exists as to the ownership and control of the public walkway surrounding Cellular Field.  Plaintiff's argument addresses the duty element of his cause of action.  For whatever reason, defendants have not disputed ownership or control of the property, so the question of duty is not before us. Defendants have argued in both the trial court and in this court that they are entitled to judgment as a matter of law, not because they do not owe a duty to plaintiff, but because plaintiff failed to present evidence of breach, a necessary element of plaintiff's cause of action.  Summary judgment is appropriate where a plaintiff fails to establish 
any
 element of his cause of action.  
Morris v. Margulis
, 197 Ill. 2d 28, 35, 754 N.E.2d 314 (2001).

We next address plaintiff's argument that the standard of care applicable to the City is distinguishable from the standard of care that applies to the remaining defendants.  Plaintiff correctly notes that liability for the City is governed by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (745 ILCS 10/1-101 
et seq
. (West 2000)).  Plaintiff argues that liability for the remaining defendants is governed by section 2 of the Premises Liability Act (740 ILCS 130/2 (West 2000)).  Defendants do not dispute these points.  The parties, for reasons unbeknown to us, have overlooked two points worth mentioning.

First, the amended Premises Liability Act was invalidated by reference in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367, 378, 689 N.E.2d 1057 (1997) (declaring Public Act 89--7 (Pub. Act 89--7, eff. March 9, 1995) unconstitutional).  Section 343 of the Restatement (Second) of Torts  (Restatement (Second) of Torts §343 (1965)) has been adopted by our supreme court and governs premises liability in Illinois.  See 
LaFever v. Kemlite Co.
, 185 Ill. 2d 380, 389-90, 706 N.E.2d 441 (1998).  Because the standard of care imposed under section 343 of the Restatement is identical to the standard of care imposed under the amended Premises Liability Act--that of "reasonable care"--our analysis of plaintiff's argument is not affected.

Second, the Authority is a "local public entity" within the meaning of the Tort Immunity Act and may avail itself of the protections afforded by the Act.  See 70 ILCS 3205/4 (West 2000) (defining the Authority as "a political subdivision, unit of local government, body politic and municipal corporation"); 745 ILCS 10/1-206 (West 2000) (defining "local public entity" as a "municipal corporation *** and all other local governmental bodies").  But the Authority did not assert the Act as an affirmative defense at trial or on appeal and has waived it on this ground.  See 
Martin v. Chicago Housing Authority
, 264 Ill. App. 3d 1063, 1075, 637 N.E.2d 506 (1994) ("governmental tort immunity under the Tort Immunity Act must be raised and pled as an affirmative defense or else it is waived").

We next address the substance of plaintiff's argument that the trial court erred in granting summary judgement to all defendants without differentiating between the standards of care owed by the City and the remaining defendants.  Plaintiff maintains that the standard of "ordinary" care under section 3-102(a) of the Tort Immunity Act is different from that of "reasonable" care imposed under premises liability law.  Plaintiff does not cite to a case where a decision turned on a distinction between the two words, nor could we find one.  We disagree that there is a meaningful distinction.

But we do agree with plaintiff that the Tort Immunity Act affords the City protections not available to the remaining defendants in this case.  Section 3-102(a) of the Act imposes a duty on the City to "exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used."  745 ILCS 10/3-102(a) (West 2000).  Our supreme court in 
Marshall
 interpreted section 3-102(a) as limiting the scope of a municipality's duty with respect to parkways.  The court explained:

"[T]he duty of care with regard to 
parkways
 is not identical to the duty of care with regard to sidewalks.  Pedestrians who leave the sidewalk cannot assume that parkways are free of defects or undulations as they otherwise could when traveling on the sidewalk.  Sidewalks are generally made of cement, while parkways are composed of sod and earth and are therefore more susceptible to weather damage caused by rain and snow.  [Citation.]  Municipalities cannot be held liable for parkway conditions which are customary, even though such conditions may be slightly dangerous.  [Citation.]  'However a city has no right to maintain anything in the nature of a pitfall, trap, snare or other like obstruction whereby the traveler, in yielding to the impulse of the average person to cut across a corner in a hurry, may be injured ***.'  [
Castro v. Sutter Creek Union High School District
,
 25 Cal. App. 2d 372, 380, 77 P.2d 509, 514 (1938)]."  
Marshall
, 143 Ill. 2d at 10-11.

Under 
Marshall
, the scope of a municipality's duty under section 3-102(a) depends on whether the area where the injury occurred is a parkway or a sidewalk.  If the area is a parkway, the municipality's duty is limited to maintaining the area free of pitfalls, traps, snares and the like.  If the area is a sidewalk, defects that do not rise to the level of a pitfall, trap or snare may, depending on the circumstances, subject the municipality to liability.  

The purpose of the Tort Immunity Act is to protect local public entities from liability arising out of the operations of government.  745 ILCS 10/1-101.1 (West 2000).  The holding in 
Marshall
 limiting a municipality's duty with respect to parkways is consistent with this purpose.  The Authority and the White Sox defendants have not cited, nor are we aware of, an Illinois case that has applied this narrower standard of care outside the context of the Act.  We believe the trial court erred in extending 
Marshall
, and in turn the Act, to limit the liability of the Authority and the White Sox defendants as a matter of law.

We next address the scope of the City's duty under section 3-102(a) of the Act, and in particular, whether the tree and surrounding grate where plaintiff fell was a sidewalk or a parkway.  The City argues the area was a parkway under 
Barnhisel
, 311 Ill. App. 3d 108, 724 N.E.2d 194.  Plaintiff distinguishes 
Barnhisel
 on the ground that there was no metal grate in that case covering the area within the sidewalk that consisted of soil, grass and a tree.  The determination of whether the area is a sidewalk or a parkway involves an analysis into the 
scope 
of the duty owed by the City, and although factual issues are imbedded in this analysis, the question is one at law.  See 
Glass v. City of Chicago
, 323 Ill. App. 3d 158, 165, 751 N.E.2d 141 (2001) (determination of the scope of the City's duty to maintain sidewalk involves analysis into what constitutes a 
de minimis
 defect in the sidewalk and is a question of law).

The plaintiff in 
Barnhisel
 was injured when she tripped on a crack in the sidewalk and, in an effort to catch herself, placed her right foot in a cutout area within the sidewalk containing soil, grass and a tree.  
Barnhisel
, 311 Ill. App. 3d at 112.  In deciding whether the area constituted a sidewalk or parkway for purposes of section 3-102(a) liability, the court defined "parkway" as   " 'a landscaped strip of land paralleling or running in the center of a thoroughfare.' "  
Barnhisel
, 311 Ill. App. 3d at 112, quoting Webster's Third New International Dictionary 1642 (1993).  The court held the characteristics of the cutout area more closely resembled a parkway than a sidewalk.  
Barnhisel
, 311 Ill. App. 3d at 113.  The court reasoned that the soil, grass and tree comprised a landscape intended to beautify the thoroughfare.  
Barnhisel
, 311 Ill. App. 3d at 112-13.  The court also noted another characteristic typical of a parkway: the cutout area interrupted the flow of traffic of the adjacent sidewalk and defeated the sidewalk's primary purpose as a pedestrian thoroughfare.  
Barnhisel
, 311 Ill. App. 3d at 113.

We agree with the City that the area where plaintiff fell is a parkway under the rationale of 
Barnhisel
.  The addition of a decorative metal grate in this case does not change that result.  The tree and surrounding grate were clearly intended to beautify the walkway and interrupted the flow of traffic of the adjacent sidewalk.  But our analysis does not end there.  We must decide whether summary judgment on the issue of breach was proper as a matter of law.

Generally, whether a defendant breaches a duty is a question of fact for the jury to decide and is not properly disposed of through summary judgment.  
Adams v. Northern Illinois Gas Co.
, 211 Ill. 2d 32, 43-44, 809 N.E.2d 1248 (2004).  The purpose of summary judgment is not to try a question of fact, but to decide whether a genuine issue of material fact exists.  
Adams
, 211 Ill. 2d at 42-43.  "A triable issue precluding summary judgment exists where the material facts are disputed, or where, the material facts being undisputed, reasonable persons might draw different inferences from the undisputed facts." 
Adams
, 211 Ill. 2d at 43.

The City is not liable for customary parkway conditions, even if such conditions are slightly dangerous.  
Marshall
, 143 Ill. 2d at 11.  The City's duty is limited to protecting pedestrians from unreasonably dangerous conditions in the nature of a pitfall, trap, snare or other like obstruction.  
Marshall
, 143 Ill. 2d at 11.  The City argues summary judgment was proper because plaintiff failed to present evidence of an unreasonably dangerous condition in the nature of a pitfall, trap, snare or other like obstruction.  Plaintiff argues the gap between the grate and the soil amounted to a pitfall, trap, snare or the like.  It is undisputed that the distance between the grate and the soil measured approximately four to five inches.

We believe 
Barnhisel
 is also dispositive of this issue.  The plaintiff in that case argued that a 2 1/4-inch height differential between the sidewalk and the cutout parkway was unreasonably dangerous.  
Barnhisel
, 311 Ill. App. 3d at 115.  The court disagreed and affirmed summary judgment for the defendant village.  
Barnhisel
, 311 Ill. App. 3d at 119.  The court explained:

"Such a height differential would be customary for parkways containing dirt, grass, and trees to prevent seepage of the dirt upon the sidewalk from rain and other weather conditions that could make the adjacent sidewalk slippery.  The height differential did not create an unreasonably dangerous condition or obstruction for which the Village would owe a duty of care; it prevented a dangerous condition from occurring."  
Barnhisel
, 311 Ill. App. 3d at 115.

Similarly in this case, the height differential between the grate and the soil below is a customary condition of the parkway.  So too is the space between the tree trunk and the center of the grate.  These conditions allow the tree to grow and prevent the soil from seeping onto the pavement as a result of rain.  In fact, we believe the addition of the grate in this case, making a flush surface with the sidewalk, created a safer condition than that existing in 
Barnhisel
.  Plaintiff has presented no evidence to show that these conditions amounted to a pitfall, trap, snare or other like obstruction.  We affirm summary judgment for the City on this ground.

We have already concluded that the trial court erred in granting summary judgment to the Authority and the White Sox defendants in reliance on 
Marshall
 and 
Barnhisel
 because the White Sox defendants are not protected by the Tort Immunity Act and the Authority has failed to raise it as an affirmative defense.  So we now address the arguments by the Authority and the White Sox defendants that they are still entitled to judgment as a matter of law.

The Authority and the White Sox defendants first argue plaintiff failed to establish a duty under common law premises liability principles.  But the Authority and the White Sox defendants did not make this argument in the trial court.  They joined in the City's motion for summary judgment, conceding ownership and control for purposes of summary judgment.  The summary judgment proceedings addressed: (1) whether the area where plaintiff fell was a sidewalk or a parkway; and (2) if the area was a parkway, whether defendants breached their duty to maintain the area free from unreasonably dangerous conditions.  For purposes of summary judgment, defendants took the position that there was no difference among them in terms of their duty to plaintiff.  From defendants' point of view at summary judgment, if there was no liability for one, there could be no liability for all.  The trial court appeared to agree.  But the burden of care owed by defendants was not the same.  The trial court's failure to recognize this was clear error.

The Authority and the White Sox defendants also argued in the trial court and on appeal that plaintiff failed to establish the proximate cause element of his negligence claim.  They argue plaintiff's friend, Ryan Dwyer, and not a condition created by the tree grate, proximately caused plaintiff's injury.  The Authority and the White Sox defendants cite 
First Springfield Bank & Trust v. Galman
, 188 Ill. 2d 252, 720 N.E.2d 1068 (1999).  The court in 
Galman
 reiterated the principle in Illinois that, to succeed on a negligence claim, a plaintiff must show: (1) the defendant's negligence was a material and substantial element in bringing about the plaintiff's injury; and (2) a reasonable person would have foreseen the injury as a likely result of his conduct.  
Galman
, 188 Ill. 2d at 258-59.  But the court also noted that proximate cause is ordinarily an issue for the trier of fact.  
Galman
, 188 Ill. 2d at 257.  Proximate cause may be decided as a matter of law where the facts show the plaintiff would never be entitled to recover.  
Abrams v. City of Chicago
, 211 Ill. 2d 251, 257-58, 811 N.E.2d 670 (2004).  This is not such a case.

The trial court looked on the evidence as comprised of a set of facts where a reasonable jury could only conclude that plaintiff was at least 51% negligent, or the behavior of plaintiff's companion was the proximate cause of his injury.  We do not agree.  It is well settled that there can be more than one proximate cause.  
Bentley v. Saunemin Township
, 83 Ill. 2d 10, 17, 413 N.E.2d 1242 (1980); 
Jefferson v. City of Chicago
, 269 Ill. App. 3d 672, 676, 646 N.E.2d 1305 (1995).  The facts to be considered here are numerous, and the inferences to be drawn from them more numerous still.  The trial court's terse conclusion on the issue of proximate cause under these facts was error.

We also reject defendants' attempts to characterize plaintiff's claim as a "design defect" claim.  Plaintiff maintains his cause of action involves a failure to 
maintain
 the area where his injury occurred.  Plaintiff did not argue the grate's design was defective, even though the way his complaint was drafted could lead one to conclude that he may have intended to plead such theory in the alternative.  But there is no question that plaintiff argued and attempted to show, for purposes of avoiding summary judgment, that defendants had breached their duty to maintain the area.

The judgment of the circuit court granting summary judgment to the City is affirmed.  The judgment of the circuit court granting summary judgment to the Authority and the White Sox defendants is reversed.  The case is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

GORDON and McBRIDE, JJ., concur.