PAULA ANGLIN, Plaintiff-Appellant, v. RUSSELL OROS, Defendant-Appellee.

First District (5th Division)    No. 1—92—2257

Opinion filed December 23, 1994.

William E. Reynolds, of Chicago (Timothy Quinn, of counsel), for appellant.

Law Offices of James J. Desveaux, of Chicago (Brenda Register, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

By complaint, Paula Anglin (plaintiff) sought compensatory damages for injuries suffered on December 29, 1988, as a result of Russell Oros' (defendant's) alleged negligence in the maintenance of a storm door affixed to a building which he owned. The trial court granted defendant's motion for summary judgment and plaintiff appealed.

The issues presented for review are (1) whether courts of review apply a *de novo* standard in determining the propriety of a trial court's summary judgment ruling and (2) whether the trial court erred in finding that defendant did not owe plaintiff a duty of care.

We affirm.

BACKGROUND

Plaintiff's mother lived at 3643 West 55th Place in Chicago. Defendant, owner and landlord of the premises, lived with his family in back of plaintiff's apartment.

On or about December 29, 1988, plaintiff went to her mother's apartment to retrieve social security papers while her mother was visiting her house. Upon approaching her mother's apartment, plaintiff noticed that the front door (a wooden door) was ajar. The storm door, which is the subject of this appeal, was closed.

Plaintiff entered the apartment and collected the papers. When she left, she tried to lock the front door but to no avail. Plaintiff then went to defendant's home and reported that she had problems securing the lock on her mother's front door.

Plaintiff and defendant then went to plaintiff's mother's apartment. Defendant attempted to engage the lock of the front door but

without success. He told plaintiff that he would fix the front door the following day.

Plaintiff asked defendant if there was a key for the storm door. Defendant replied that there was not. As defendant was closing the storm door by holding its handle and pushing the door, plaintiff pressed on the glass portion of the door with her left hand. Defendant and plaintiff were simultaneously attempting to close the storm door.

According to defendant, plaintiff "laid into" the door and exerted additional force on the door beyond that which defendant was applying. Plaintiff put her hand through the glass, sustained injuries, and filed a two-count complaint against defendant of which count II is the sole issue on appeal.

In count II, plaintiff asserted that defendant had a duty to exercise reasonable care and caution in the ownership, possession, management, maintenance, and control of the storm door so as not to cause injury to plaintiff, and that notwithstanding his duty, he carelessly negligently, owned, possessed, managed, maintained, and controlled the door because he

"a) knowingly permitted the locking/latching mechanism of said storm door to be and remain in a broken, non-functioning condition for a long period of time, such as required plaintiff to apply extraordinary pressure thereto in order to properly close same;

b) failed to install or otherwise provide a safety glazing material in said storm door, although he knew or should have known that extraordinary pressure was required to close same and that the absence of a safety glazing material in said door constituted a dangerous condition to plaintiff and others;

c) failed to warn the plaintiff of the absence of safety glazing material in said storm door, although he knew or should have known that extraordinary pressure was required to close the same and that the absence of a safety glazing material in said door constituted a dangerous condition to plaintiff and others."

Plaintiff also asserted that by reason of defendant's negligent acts/omissions and as a direct and proximate cause, the storm door broke as plaintiff was closing/attempting to close the door thereby causing her injuries, pecuniary loss, and other damages.

Defendant answered by denying negligence and by indicating that plaintiff was negligent because she failed to exercise due care of her own safety and that she pushed or hit the door with unwarranted force, causing the glass to break. Defendant also filed a motion for summary judgment on count II.

At the hearing, the trial court stated that plaintiff proceeded in a

known dangerous situation by pushing her weight against or on the glass, that defendant had no duty to warn her, that pushing on glass is a known dangerous situation, and that plaintiff could not hold him (a landlord) responsible for someone who was pushing on glass. The trial court entered summary judgment for defendant. Plaintiff appealed.

OPINION

I

Plaintiff asserts that reviewing courts should apply a *de novo* standard when reviewing the propriety of a trial court's summary judgment ruling. We agree.

Appellate courts apply a *de novo* standard when reviewing summary judgment rulings. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) The purpose of summary judgment is not to try an issue of fact, but rather to determine whether a triable issue of fact exists. (*Quality Lighting, Inc. v. Benjamin* (1992), 227 Ill. App. 3d 880, 883, 592 N.E.2d 377.) Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358-59, 543 N.E.2d 1304.

While use of summary judgment is encouraged under Illinois law to aid the expeditious disposition of a lawsuit (*Purtill*, 111 Ill. 2d at 240), it is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. *Quality Lighting*, 227 Ill. App. 3d at 883-84.

II

Plaintiff contends that defendant owed her a duty of care. In the instant case, defendant's position was that he owed no duty of care to plaintiff because the instrumentality of injury was simply a common door which was open and obvious. We agree with defendant.

The trial court held that Restatement Second of Torts section 343A did not allow a cause of action when an adult pushes on glass and the glass breaks. Section 343A provides:

> "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Restatement (Second) of Torts § 343A (1965).)

Comment *b* of section 343A provides:
> " 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." (Restatement (Second) of Torts § 343A, Comment *b*, at 219 (1965).)

This section immunizes landowners from liability when a condition is obviously dangerous and possessors of land do not anticipate the harm.

The elements of a cause of action based on common law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140, 554 N.E.2d 223.

Whether a duty exists is a question of law to be determined by the trial court. (*Ward*, 136 Ill. 2d at 140.) Factors to be considered in determining whether a defendant owes a plaintiff a duty are reasonable foreseeability of the injury, the likelihood of injury, the magnitude of the burden guarding against it, and the consequences of placing a burden upon the defendant. *Ward*, 136 Ill. 2d at 140-41.

Landlords will not be liable for injuries that are not reasonably foreseeable. (*Kostecki v. Pavlis* (1986), 140 Ill. App. 3d 176, 180, 488 N.E.2d 644.) Nor is a landlord an absolute insurer for all injuries occurring on his premises. (*Kostecki*, 140 Ill. App. 3d at 180.) To show that a defendant breached a duty owed a plaintiff, the plaintiff must establish that the defendant had actual or constructive knowledge of the alleged defective condition. *Kostecki*, 140 Ill. App. 3d at 179.

In the present case, defendant testified, at his deposition hearing, that the storm door at issue had not been repaired, replaced, or otherwise altered since he bought and moved onto the premises in 1979. Defendant also stated that he never received notice from plaintiff that the storm door was broken.

As of December 29, 1988, plaintiff's mother had been living in the front apartment of defendant's premises for at least four years. During that period, plaintiff visited her mother regularly. On each occasion, she used the storm door, which provided the sole conduit of ingress and egress to the front apartment. Plaintiff testified that on the night of the accident, although she found the front wooden door open, she found nothing to be unusual about the closed storm door.

Plaintiff further testified that before December 29, 1988, she never had reason to believe the storm door was malfunctioning and her mother had never told her of a problem with the storm door. Plaintiff had not previously complained about the storm door to defendant. Plaintiff's mother testified at her deposition testimony that,

prior to her daughter's accident, she did not have trouble closing the storm door.

At her deposition, she testified to the following:

"MS. REGISTER [Defense Counsel]: Now, on the day of this accident and before the day of this accident, was there anything wrong to your knowledge with the storm door?

MRS. O'KEEFE [Plaintiff's mother]: No, I just couldn't—

MS. REGISTER: So on the day of this accident and before the day of this accident, when you closed the storm door, when you left the house, you closed the storm door, it would latch, too, and you would walk off, is that correct?

MRS. O'KEEFE: Right.

MS. REGISTER: Mrs. O'Keefe, at any time before this accident, had you ever made any complaints to Russell Oros, your landlord, with regard to the wooden door at your entrance?

MRS. O'KEEFE: No, there was never anything wrong with that.

MS. REGISTER: At any time before this accident to your daughter, did you make any complaints to Russell with regard to the storm door at the entrance to your apartment?

MRS. O'KEEFE: I don't really remember if I did or not. I really don't remember.

MS. REGISTER: Well then, Mrs. O'Keefe, at any time before this accident from the time that you started living here to the time of your daughter's accident, was there any—did you notice any problems with the storm door?

MRS. O'KEEFE: I don't think so.

MS. REGISTER: You had no trouble closing the storm door?

MRS. O'KEEFE: No."

Plaintiff relies on *Ward*. However, her reliance is misplaced. In *Ward*, the plaintiff sued the defendant seeking damages for injuries he sustained when he walked into a concrete post located right outside of a customer entrance to a department store operated by the defendant. At the time of the injury, the plaintiff was carrying a large mirror which he had purchased from the defendant.

Following a jury trial and verdict in favor of the plaintiff, the *Ward* trial court entered judgment for the defendant notwithstanding the verdict on the ground that the defendant had no duty to warn plaintiff of or protect him from the risk of colliding with the post. The Illinois Appellate Court affirmed the trial court and held that the defendant owed no duty to the plaintiff under the circumstances of the case because the defendant could not reasonably have been expected to foresee that the plaintiff, while carrying the mirror, would fail to see or remember the post, which was in an obvious condition on the defendant's premises and which the plaintiff had previously encountered. *Ward*, 136 Ill. 2d at 136.

The Illinois Supreme Court reversed and remanded, holding that the defendant's duty to exercise reasonable care extended to the risk that one of its customers would collide with the post while leaving the store carrying a large, bulky item.

*Ward*, however, is factually distinguishable from the case at bar. And, it does not abrogate nonliability in all cases. The condition in *Ward* was blatantly obvious and was in such a position on the defendant's property that the plaintiff could not reasonably have been expected to protect himself. Moreover, the defendant in *Ward* could have easily anticipated such a problem. The evidence in this case does not show that defendant could have foreseen that plaintiff would exert force against the glass portion of the door in attempting to close the storm door when he was already so engaged.

In *Kostecki*, the plaintiff, a minor, was injured when her hand came in contact with and broke the glass panes of a door. She claimed that, after beginning to close slowly, the door quickly slammed shut, hitting her hand as she reached for the doorknob. Summary judgment for the defendant was upheld on appeal as there was no evidence that the defendant had actual or constructive knowledge of a defective condition. No facts were pled which indicated that the defendant had notice, and the plaintiff testified that she had never before seen the door close in the same manner. Under those circumstances, the court could not find that the defendant breached a duty of care to the plaintiff. *Kostecki*, 140 Ill. App. 3d at 180.

In the case at bar, based on the deposition testimony, there is no evidence that defendant had notice that said door was broken, that extraordinary pressure was required to close the storm door properly, or that defendant could have anticipated that plaintiff would fail to appreciate the danger of pressing on the glass portion of the storm door with unwarranted force. Accordingly, defendant did not owe to plaintiff a duty of care.

For the foregoing reasons, we affirm the trial court's entry of summary judgment rendered in defendant's favor.

Judgment affirmed.

GORDON, P.J., and McNULTY, J., concur.