812 N.E.2d 496 (2004)
349 Ill.App.3d 553
285 Ill.Dec. 676
Diane SULLIVAN-COUGHLIN, Plaintiff-Appellee,
v.
PALOS COUNTRY CLUB, INC., Defendant-Appellant.
No. 1-02-2079.
Appellate Court of Illinois, First District, Second Division.
June 22, 2004.
*498 Robert Marc Chemers, Stephen C. Veltman, Scott L. Howie, of Pretzel & Stouffer, Chtd., Chicago (Robert Marc Chemers, Scott L. Howie, of counsel), for Appellant.
Michael W. Rathsack (Bernard R. Nevoral, Michael W. Rathsack, of counsel), for Appellee.
Justice CAHILL delivered the opinion of the court:
We are asked to review a jury verdict finding defendant Palos Country Club, Inc., negligent for an injury to plaintiff Diane Sullivan-Coughlin when a golf ball allegedly struck plaintiff in the head and caused her to fall out of a golf cart. We affirm.
Maria Shirley, plaintiff's sister, testified at trial that on May 14, 1995, she was golfing with plaintiff and other members of her family at defendant's golf course. Maria and plaintiff shared a golf cart. Once the group finished golfing, Maria drove plaintiff off the course near the ninth hole. As they neared the pro shop and cart return area, Maria heard "a whack." Maria looked over and saw plaintiff fall out of the cart like a "rag doll" and hit her head on the pavement. Maria believed the "whack" she heard was a golf ball hitting plaintiff's head. Maria did not see the golf ball.
Plaintiff testified she had no memory of the accident. Since the accident, plaintiff has had difficulty sleeping and uncontrollable muscle spasms. The injury also affected plaintiff's memory and coordination.
Dr. Eugene Blonsky testified plaintiff sustained two brain injuries: one on the back left side of the brain and the second on the front right side of the brain. Dr. Blonsky opined the injury to the back left side of plaintiff's head occurred first and was consistent with being struck by a golf ball.
Felix Lee testified he operated a barbeque pit near the pro shop where players would eat. Lee denied seeing golf balls land in the barbeque pit area. Although *499 Lee heard that golf balls struck the pro shop on occasion, he never witnessed this. Lee denied saying the opposite to plaintiff's attorney and investigator.
David Szczecin, an attorney with plaintiff's counsel's firm, testified he spoke with Lee before trial. Lee told Szczecin that golf balls would land in the barbeque pit area as frequently as once a week. Lee also said golf balls would often strike the pro shop and cart return areas.
Joseph Mahr testified he was hired by plaintiff as a private investigator. Mahr interviewed Lee, who told Mahr that golf balls had "on occasion" bounced into the barbeque pit area.
Sue Sheanon testified she worked in the pro shop. Sheanon often heard golf balls hitting the roof of the pro shop but never saw a golf ball hit a person in the vicinity of the pro shop. On cross-examination, Sheanon said golf balls only seldom hit the roof of the pro shop.
Michael Robert Eiben testified as an expert in architecture and the Building Officials and Code Administrators' (BOCA) building code, a model building code adopted by the municipality where defendant's club was located. Over defendant's objection, Eiben opined that the area where plaintiff was injured was unsafe due to congestion, the number of golf-related activities and proximity to the golf course. Eiben based this opinion on his experience and training in architecture, as well as his knowledge of the BOCA code. Eiben believed defendant could have made the area safe by moving the pro shop, cart return and barbeque pit, areas were people congregate, farther from the course. Alternatively, Eiben said defendant could have constructed a 20-foot high barrier between the course and the congested areas. Eiben noted that, although defendant placed a fence near the course to offer some protection, the protection was minimal. On cross-examination, Eiben admitted he lacked experience in golf course design and architecture.
Michael John Hurdzan, a golf course architect and designer, testified on behalf of defendant and disagreed with Eiben's conclusion that the area of defendant's club where plaintiff was injured was dangerous. Hurdzan believed the probability that a golf ball caused plaintiff's accident was less than 1% and construction of a fence to catch golf balls would be superfluous. Hurdzan's opinion was premised on the assumption that golfers used aim when swinging.
Defendant also presented testimony from several physicians who disagreed with the cause and extent of injury advanced by plaintiff. Dr. James Massimillion testified he was plaintiff's emergency room physician. Plaintiff had a laceration on the back left side of her head and internal bleeding near the front part of the skull. Dr. Massimillion opined the injury to the back of plaintiff's head was made with such force as to cause the internal bleeding in the front of plaintiff's head. Dr. Massimillion believed that both of plaintiff's injuries were consistent with falling out of a golf cart onto pavement. Dr. Massimillion was not told plaintiff had been hit by a golf ball, nor did he think plaintiff's injuries were consistent with being hit by a golf ball.
Dr. Gaston G. Celesia, a neurologist, testified he examined plaintiff and did not find physical, cognitive or neurological abnormalities. Dr. Christopher Randolph, a clinical neuropsychologist, testified similarly.
Defendant was barred from presenting evidence of plaintiff's blood-alcohol level or the golf cart rental agreement through plaintiff's pretrial motions in limine. The trial court said it would revisit its ruling *500 with respect to plaintiff's blood-alcohol level at trial and allow such evidence if defendant could lay a proper foundation. Defendant did not ask to have the issue revisited at trial.
The jury found defendant negligent and awarded plaintiff $457,995.13. The jury also found plaintiff 30% contributorily negligent and reduced the award to $320,596.60. Defendant moved for judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied defendant's motion and defendant appeals.
We begin our analysis with defendant's argument that it was entitled to judgment notwithstanding the verdict. We review the trial court's order denying judgment notwithstanding the verdict de novo and will reverse if the evidence, when viewed in the light most favorable to plaintiff, so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand. See Snelson v. Kamm, 204 Ill.2d 1, 42, 272 Ill.Dec. 610, 787 N.E.2d 796 (2003). In making this assessment, we will not substitute our judgment for the jury's, reweigh the evidence or determine the credibility of witnesses. See Donaldson v. Central Illinois Public Service Co., 199 Ill.2d 63, 89, 262 Ill.Dec. 854, 767 N.E.2d 314 (2002).
Defendant argues plaintiff failed to establish that defendant owed her a duty of care. Specifically, defendant maintains plaintiff did not offer "competent" evidence that the area where plaintiff was injured was unreasonably dangerous or that defendant knew or should have known of such danger.
To recover under a theory of negligence, a plaintiff must prove the defendant owed a duty, the defendant breached that duty and the breach proximately caused the plaintiff's injury. Prochnow v. El Paso Golf Club, Inc., 253 Ill.App.3d 387, 397, 192 Ill.Dec. 614, 625 N.E.2d 769 (1993). Whether a duty exists is a question of law. Prochnow, 253 Ill.App.3d at 397, 192 Ill.Dec. 614, 625 N.E.2d 769. Factors relevant to finding a duty include reasonable foreseeability, likelihood of injury and the burden on the defendant to guard against the injury. Prochnow, 253 Ill.App.3d at 397, 192 Ill.Dec. 614, 625 N.E.2d 769. Foreseeability is that which is objectively reasonable to expect, not what might conceivably occur. Prochnow, 253 Ill.App.3d at 397, 192 Ill.Dec. 614, 625 N.E.2d 769.
Generally, a landowner will not be held liable for an injury caused by a dangerous condition on the land that is known or obvious. Prochnow, 253 Ill.App.3d at 397, 192 Ill.Dec. 614, 625 N.E.2d 769. An exception to this rule occurs when the landowner can and should anticipate the injury notwithstanding the known or obvious nature of the condition. Prochnow, 253 Ill.App.3d at 397, 192 Ill.Dec. 614, 625 N.E.2d 769. Anticipation of injury from known and obvious dangers may arise when there is reason to expect that an invitee's attention may be distracted. Prochnow, 253 Ill.App.3d at 398, 192 Ill.Dec. 614, 625 N.E.2d 769. "Distracted invitees may not discover what is obvious, forget what has been discovered[ ] or fail to protect themselves against the dangerous condition." Prochnow, 253 Ill.App.3d at 398, 192 Ill.Dec. 614, 625 N.E.2d 769.
The plaintiff in Prochnow was struck by a golf ball while standing in the deck area of the defendant's golf club clubhouse. Prochnow, 253 Ill.App.3d at 390, 192 Ill.Dec. 614, 625 N.E.2d 769. The court held the defendant owed the plaintiff a duty because it was reasonably foreseeable that patrons of the defendant's clubhouse would walk outside to socialize on the deck and be struck by a stray golf ball. Prochnow, *501 253 Ill.App.3d at 398, 192 Ill.Dec. 614, 625 N.E.2d 769. The court noted that the deck's proximity to the clubhouse bar and dining area invited such activity and found it likely that patrons would be distracted by conversation with other patrons or by activities on the golf course, such that the danger of being struck by a golf ball might not be anticipated. Prochnow, 253 Ill.App.3d at 398, 192 Ill.Dec. 614, 625 N.E.2d 769. Given the proximity of the deck to the golf course, and the fact that the defendant had already constructed a fence to offer some protection against the type of accident sustained by the plaintiff, the court ruled the danger was reasonably foreseeable. Prochnow, 253 Ill.App.3d at 398-99, 192 Ill.Dec. 614, 625 N.E.2d 769.
Prochnow guides our decision here. Plaintiff presented evidence that defendant knew or should have known the area where plaintiff sustained the injury was unreasonably dangerous and that club patrons could have been distracted from such danger. Plaintiff was allegedly struck by the golf ball outside the ninth green near the pro shop, barbeque pit and cart return. There was evidence that golf balls occasionally landed in this area and that defendant had constructed a fence to provide limited protection. Also, based on the activities in the area, it was reasonable to conclude that golfers would stop to socialize or participate in golf-related activities, not realizing the danger of being struck by a golf ball.
Defendant argues Eiben's opinion testimony that the area was unsafe should have been excluded because Eiben lacked unique architectural experience with respect to golf course design and safety. We note that while this argument is made in support of defendant's position that it was entitled to judgment notwithstanding the verdict, it requires that we focus on the trial court's admission of Eiben as an expert witness.
The decision to admit expert testimony is within the sound discretion of the trial court. Snelson, 204 Ill.2d at 24, 272 Ill.Dec. 610, 787 N.E.2d 796. Such testimony is admissible if the proffered expert is qualified by knowledge, skill, experience, training or education and the testimony will assist the trier of fact in understanding the evidence. Snelson, 204 Ill.2d at 24, 272 Ill.Dec. 610, 787 N.E.2d 796. Defendant does not argue that Eiben was unqualified in the area of general architecture or the BOCA code. Rather, defendant maintains that Eiben was required to have specialized knowledge in golf course design to qualify him to make opinions about the safety of defendant's course. Defendant does not cite authority in support of its argument. Nor do we find that such specialized expertise was required under the facts of this case. Eiben's testimony did not concern the safety and design of the golf course but rather the safety and design of the area outside the course. Also, defendant was afforded the opportunity to cross-examine Eiben and present its own expert, someone with specialized knowledge in golf course design. We do not believe the trial court abused its discretion by allowing Eiben's opinion testimony.
Defendant also argues plaintiff did not present evidence that defendant knew of the dangerous condition. Defendant cites Anglin v. Oros, 257 Ill.App.3d 213, 195 Ill.Dec. 409, 628 N.E.2d 873 (1994), and Smolek v. K.W. Landscaping, 266 Ill.App.3d 226, 203 Ill.Dec. 415, 639 N.E.2d 974 (1994). The plaintiff in Anglin sued the defendant landowner for an injury she received from a storm door on the defendant's property. Anglin, 257 Ill.App.3d at 214-15, 195 Ill.Dec. 409, 628 N.E.2d 873. The court found the plaintiff failed to establish *502 a duty as a matter of law because there was no evidence that the defendant knew or should have known the storm door was defective. Anglin, 257 Ill.App.3d at 217-19, 195 Ill.Dec. 409, 628 N.E.2d 873. The door had not been replaced or repaired, the defendant had not received notice that the door was broken, the plaintiff did not have difficulties with the door before her accident and the door appeared in good condition. Anglin, 257 Ill.App.3d at 217, 195 Ill.Dec. 409, 628 N.E.2d 873.
The plaintiff in Smolek sued the defendant for an injury she sustained by falling in a hole on the defendant's property. Smolek, 266 Ill.App.3d at 226, 203 Ill.Dec. 415, 639 N.E.2d 974. The court found that the plaintiff failed to present evidence that the defendant had actual or constructive notice of the hole. Smolek, 266 Ill.App.3d at 229-30, 203 Ill.Dec. 415, 639 N.E.2d 974. The court reasoned that the hole was so well concealed that it was unlikely to be discovered through the exercise of reasonable care. Smolek, 266 Ill.App.3d at 230, 203 Ill.Dec. 415, 639 N.E.2d 974.
Unlike Anglin and Smolek, there was evidence in this case that defendant knew or should have known that golf balls landed in the area where plaintiff was injured. There was testimony that defendant placed a fence in the area to protect against stray golf balls. Defendant's employee Sue Sheanon testified she heard golf balls strike the roof of the pro shop. Felix Lee testified he heard that golf balls occasionally struck the pro shop. Although Lee denied seeing golf balls in the area surrounding the barbeque pit and pro shop, his testimony was impeached by plaintiff's attorney and private investigator. In viewing the evidence in the light most favorable to plaintiff, we find the trial court properly denied defendant's motion for judgment notwithstanding the verdict.
Defendant next contends it should have been granted a new trial based on several evidentiary rulings by the trial court. Defendant argues the trial court erred in: (1) excluding assumption of risk evidence; (2) admitting Eiben's expert opinion testimony; and (3) excluding evidence of plaintiff's blood-alcohol level. We review these evidentiary rulings for an abuse of discretion. See Janky v. Perry, 343 Ill.App.3d 230, 234, 278 Ill.Dec. 148, 797 N.E.2d 1066 (2003).
Defendant first argues the trial court improperly excluded assumption of risk evidence. Defendant cites the golf cart rental agreement, which provided that defendant would be held "harmless from any damage or claim of any nature whatsoever that may arise from of by reason of such use of said golf cart." Defendant maintains this "evidence was pertinent to a central issue in the case: that the plaintiff understood and accepted the risks of operating a golf cart." We disagree. Plaintiff did not allege the golf cart was the instrumentality causing her injury. Rather, plaintiff's theory of recovery was premised on a finding that she was hit by a golf ball, rendered unconscious, fell out of a golf cart and hit her head on the pavement. Plaintiff maintained defendant was negligent because it knew or should have known of the danger to patrons from golf balls hit in the area where plaintiff was injured and failed to protect against such danger. The contract language bears no relevance to this issue and was properly excluded.
Defendant next argues the trial court erred in barring defendant from arguing primary implied assumption of risk as an affirmative defense. Primary implied assumption of risk exists when a plaintiff assumes known risks inherent in a particular activity or situation. Goad v. Evans, 191 Ill.App.3d 283, 294, 138 Ill.Dec. 523, 547 N.E.2d 690 (1989). The risks are *503 not those created by the defendant's negligence but by the nature of the activity itself. Duffy v. Midlothian Country Club, 135 Ill.App.3d 429, 433, 90 Ill.Dec. 237, 481 N.E.2d 1037 (1985).
Primary implied assumption of risk is inapplicable here because "golf is simply not the type of game in which participants are inherently, inevitably or customarily struck by the ball." Zurla v. Hydel, 289 Ill.App.3d 215, 221, 224 Ill.Dec. 166, 681 N.E.2d 148 (1997).
"`A golf course is not usually considered a dangerous place, nor the playing of golf a hazardous undertaking. It is a matter of common knowledge that players are expected not to drive their balls without giving warning when within hitting distance of persons in the field of play, and that countless persons traverse golf courses the world over in reliance on that very general expectation.'" Zurla, 289 Ill.App.3d at 222, 224 Ill.Dec. 166, 681 N.E.2d 148, quoting Everett v. Goodwin, 201 N.C. 734, 737, 161 S.E. 316, 318 (1931), quoting Schlenger v. Weinberg, 107 N.J.L. 130, 132, 150 A. 434, 435, 69 A.L.R. 738, 741 (1930).
Because there are no inherent risks in golf, defendant was not entitled to a primary implied assumption of risk defense.
We note that although defendant does not raise the precise argument in its brief, we find secondary implied assumption of risk is also inapplicable. Under secondary implied assumption of risk, a plaintiff implicitly assumes the risks created by the defendant's negligence. Duffy, 135 Ill.App.3d at 433-34, 90 Ill.Dec. 237, 481 N.E.2d 1037. Because the doctrine acts as an absolute bar to recovery, it has been "abolished by the introduction of comparative negligence into our jurisprudence." Duffy, 135 Ill.App.3d at 435, 90 Ill.Dec. 237, 481 N.E.2d 1037.
Based on our findings with respect to assumption of risk evidence, we need not consider defendant's argument that the trial court erred by failing to instruct the jury on assumption of risk.
Defendant's next argument concerns Eiben's qualifications to testify as to the dangerousness of defendant's property. As discussed earlier, we believe Eiben was sufficiently qualified to offer opinions about the safety of the area where plaintiff was injured.
Defendant's final argument concerns the trial court order granting plaintiff's motion in limine to exclude evidence of plaintiff's blood-alcohol level. Evidence of alcohol consumption is so prejudicial that more than mere drinking must be shown. Bielaga v. Mozdzeniak, 328 Ill.App.3d 291, 296, 262 Ill.Dec. 523, 765 N.E.2d 1131 (2002). Actual intoxication with impairment of physical or mental capabilities is required. Bielaga, 328 Ill.App.3d at 296, 262 Ill.Dec. 523, 765 N.E.2d 1131. At the hearing on plaintiff's motion to exclude evidence of plaintiff's blood-alcohol level, defense counsel conceded there was no one who could testify that plaintiff was intoxicated at the time the accident occurred. The trial court granted plaintiff's motion on this ground but said it would revisit the issue at trial on a showing that defendant could show intoxication.
A ruling on a motion in limine is a determination addressing an admissibility of evidence issue likely to arise at trial and is subject to reconsideration. Schuler v. Mid-Central Cardiology, 313 Ill.App.3d 326, 333-34, 246 Ill.Dec. 163, 729 N.E.2d 536 (2000). Whether granted or denied, a motion in limine itself does not preserve the issue for appellate review. Sinclair v. Berlin, 325 Ill.App.3d 458, 471, 259 Ill.Dec. 319, 758 N.E.2d 442 (2001). Rather, to preserve an error in the exclusion of evidence, the proponent of the evidence *504 must make an adequate offer of proof in the trial court. Sinclair, 325 Ill.App.3d at 471, 259 Ill.Dec. 319, 758 N.E.2d 442. Failure to make such offer of proof results in waiver of the issue on appeal. Sinclair, 325 Ill.App.3d at 471, 259 Ill.Dec. 319, 758 N.E.2d 442. The trial court here made the interlocutory nature of its order to exclude blood-alcohol evidence known to defendant and invited defendant to revisit the issue at trial. Defendant failed to raise the issue again at trial by offering the evidence or requesting to make an offer of proof. The issue is waived.
The judgment of the circuit court is affirmed.
Affirmed.
WOLFSON, P.J., and GARCIA, J., concur.