2023 IL App (1st) 221116

No. 1-22-1116

Opinion filed November 15, 2023

Third Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SARAH MARTIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 9485 |
| | ) | |
| THE CITY OF CHICAGO, | ) | Honorable |
| | ) | Joan E. Powell, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes and Justice R. Van Tine concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff Sarah Martin brought this negligence action against defendant City of Chicago

(City) to recover for injuries she sustained when she stepped in a hole in the sidewalk and fell to

the ground. The trial court refused plaintiff's proffered ordinary negligence liability issue

instruction and instead tendered to the jury the City's premises liability issue/burden of proof

instruction. The jury returned a general verdict in favor of the City.

¶ 2    On appeal, plaintiff argues the jury should have received her ordinary negligence liability

issue instruction because the evidence showed that either the City's activity on the premises caused

the injury or the dangerous condition arose as part of the City's business. She also argues that she suffered prejudice from the erroneous jury instruction.

¶ 3    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4                                    I. BACKGROUND

¶ 5    Plaintiff's November 2018 first amended complaint was the operative complaint through the start of trial. This amended complaint, which entitled plaintiff's negligence claim as one for "premises liability," alleged that the city owned the sidewalk and was responsible for its maintenance; an open hole existed on that sidewalk, which posed a hazard to pedestrians; the City knew about the hole; the City was negligent in allowing the hole to remain on the sidewalk without repair; plaintiff was exercising due care for her own safety; and plaintiff was injured by stepping into the hole.

¶ 6    The City's answer raised as affirmative defenses the doctrine of comparative negligence and statutory immunity from liability, based on, *inter alia*, not having actual or constructive notice of the alleged condition that was open and obvious.

¶ 7    The City moved for summary judgment, arguing that it owed no duty to plaintiff because the sidewalk hole was open and obvious as a matter of law. Plaintiff responded that a factual dispute existed as to the physical nature of the hole; the distraction exception applied; and the City still owed plaintiff a duty regardless. The trial court denied the City's motion, ruling that there was a factual dispute about the visibility of the hole, *i.e.*, whether it was open and obvious.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8    After the first day of trial, plaintiff filed a second amended complaint that changed the title of her claim from "premises liability" to "negligence" and removed a dismissed count for willful and wanton conduct but made no other changes to the pleading.

¶ 9    The evidence presented at trial showed that, in April 2017, at about 4 p.m., plaintiff was walking with her husband and daughter when plaintiff stepped into a hole in the sidewalk, fell, and injured her ankles. The sidewalk's condition was depicted in the photographs presented at trial. At the time of the accident, nothing covered the hole, the area was not slippery or wet, the weather was clear, and no other pedestrians were nearby.

¶ 10    Prior to plaintiff's fall, her husband was pushing their daughter in a stroller. He testified that he did not see the hole and did not step in it. Just before plaintiff stepped in the hole, she was walking either single file behind her husband or behind him and slightly to his right. She testified that she did not see the hole before walking into it because her husband and the stroller blocked her view and she was looking to her right, distracted by a tarp flapping against a fence.

¶ 11    Michael Drake, superintendent of in-house construction for the Chicago Department of Transportation, testified that his department was the agency responsible for repairing holes in the City's sidewalks. The City has 8000 miles of city sidewalk to maintain, an average of 4000 to 6000 active service requests at any given time, and only five repair crews available to conduct such work, necessitating prioritization of the most urgent requests. Drake testified about the City's 311 records, including service requests and summary reports related specifically to the hole that plaintiff walked into. Specifically, the City had been alerted to the defective condition of the sidewalk by the City's 311 system and knew of the condition of the sidewalk for about one year and eight months before plaintiff's accident. The City had a plan to repair the sidewalk by replacing

the sidewalk slab but the City did not perform a temporary or permanent repair. Drake testified that the hole in the sidewalk could be dangerous for pedestrians. A temporary repair would have involved a crew filling the hole with gravel or sandbags up to the level of the sidewalk and would have cost the City about $250. Replacing the sidewalk slab would have cost the City about $700 to $800.

¶ 12    At the jury instruction conference, plaintiff proffered Illinois Pattern Jury Instructions, Civil, No. 20.01 (revised August 2023) (hereinafter IPI Civil No. 20.01)—the ordinary negligence instruction, which does not address whether a condition is open and obvious. Plaintiff argued that her complaint was a negligence case, rather than a premises liability case, because the theory of her case was that either the City's activity on the premises caused the injury or the dangerous condition arose as part of the City's business.

¶ 13    The City proffered Illinois Pattern Jury Instructions, Civil, No. 120.08 (approved December 8, 2011) (hereinafter IPI Civil No. 120.08)—the premises liability issue/burden of proof instruction. The City argued that the case had been alleged as, and litigated under, a premises liability theory, plaintiff's allegations related to the condition of the sidewalk and not to any activity or business conducted thereon, and the open and obvious issue had been much of the focus of the trial. The Notes on Use for this instruction explains that it is "for premises liability cases, including those in which the plaintiff claims that he/she was distracted and failed to observe an open and obvious defect on the property." IPI Civil No. 120.08, Notes on Use. Among other requirements, this instruction requires the plaintiff to prove that "the defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger." IPI Civil No. 120.08.

¶ 14    After extensive argument, the trial court ruled that IPI Civil No. 120.08 was the appropriate instruction given the nature of plaintiff's case and so instructed the jury. The court also instructed the jury on contributory negligence, which the City had raised as a defense.

¶ 15    While the jury was deliberating, the jury asked the court to clarify the fourth item of plaintiff's burden of proof referred to in the IPI Civil No. 120.08 instruction, *i.e.*, that "the defendant could reasonably expect that people on the sidewalk would not discover or realize the danger or would fail to protect themselves against such danger." The court responded that the jury should continue deliberating.

¶ 16    The jury returned a general verdict for the City. The court entered judgment on the verdict and denied plaintiff's posttrial motion. Plaintiff timely appealed.

¶ 17                                II. ANALYSIS

¶ 18    Litigants are entitled to have the jury instructed on the issues presented, the applicable legal principles, and the facts that must be proved to support a verdict. *Bailey v. Mercy Hospital & Medical Center*, 2021 IL 126748, ¶ 41. The trial court has discretion to determine which instructions to give the jury, and that determination will not be disturbed absent an abuse of that discretion. *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 273 (2002). Also, "[t]he question of what issues have been raised by the evidence is within the discretion of the trial court." *Leonardi v. Loyola University*, 168 Ill. 2d 83, 100 (1995). Moreover, "[w]henever Illinois Pattern Jury Instructions (IPI), Civil, contains an instruction applicable in a civil case *** the IPI instruction shall be used, unless the court determines that it does not accurately state the law." Ill. S. Ct. R. 239(a) (eff. Apr. 8, 2013). The standard for deciding whether a trial court abused its discretion is whether, taken as a whole, the instructions fairly, fully, and

comprehensively apprised the jury of the relevant legal principles. *Schultz*, 201 Ill. 2d at 273-74. An instruction does not justify reversal unless it clearly misled the jury and resulted in prejudice to the appellant. *Dynek v. City of Chicago*, 2020 IL App (1st) 190209, ¶ 25.

¶ 19    Plaintiff argues that this case should have been submitted to the jury under a theory of ordinary negligence, instead of premises liability, because the allegations and evidence showed that either the City's activity on the premises caused the injury or the dangerous condition arose as part of the City's business. Specifically, she contends the evidence showed that the City negligently omitted to timely repair its sidewalk for over one year and eight months after the City learned of the sidewalk danger via its 311 system, visited the site to survey the problem, developed a plan to repair it, and placed orders to repair its sidewalk. Plaintiff argues that the City's activity was an act of omission, *i.e.*, surveying the area, placing orders to repair its sidewalk, and carelessly omitting to do so. Plaintiff also argues that a part of the City's business was to repair its sidewalk.

¶ 20    The City argues that the trial court did not abuse its discretion by giving IPI Civil No. 120.08, which accurately states the law and reflected the allegations and evidence presented at trial. The City asserts that courts routinely approve the use of the series 120 jury instructions in cases alleging injuries from conditions of property, even when those cases are labeled as merely "negligence" cases in their pleadings. The City argues that the open and obvious doctrine, which IPI Civil No. 120.08 includes, is squarely applicable because plaintiff's allegation that she was injured by a condition on the City's property brought this doctrine into play. Moreover, the open and obvious doctrine affected whether the City owed plaintiff a duty, which is an element of any negligence action (see *Bruns v. City of Centralia*, 2014 IL 116998, ¶¶ 13, 15-16; *Ballog v. City of*

*Chicago*, 2012 IL App (1st) 112429, ¶ 20), and part of the plaintiff's burden of proof, not the defendant's. We agree with the City.

¶ 21    In *Genaust v. Illinois Power Co.*, 62 Ill. 2d 456, 468 (1976), the supreme court established the standard for a landowner's liability for a dangerous condition on the land. *Genaust* adopted section 343 of the Restatement (Second) of Torts, which stated:

> " 'A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.' "

*Id.* (quoting Restatement (Second) of Torts § 343 (1965)).

¶ 22    Ordinary negligence requires proof of (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately caused by the breach. *Guvenoz v. Target Corp.*, 2015 IL App (1st) 133940, ¶ 89. However, a claim for premises liability requires proof of the three elements of ordinary negligence, plus proof that (1) there was a condition on the property that presented an unreasonable risk of harm, (2) the defendant knew or reasonably should have known of the condition and the risk, and (3) the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger. *Hope v. Hope*, 398 Ill. App. 3d 216, 219 (2010).

¶ 23    If it is a landowner's *conduct or activity* that creates the injury-causing hazard, the claim is one of ordinary negligence rather than premises liability. See *Smart v. City of Chicago*, 2013 IL App (1st) 120901, ¶¶ 54-57 (a negligence instruction was proper where it was the defendant city's ongoing conduct of resurfacing the intersection that altered the otherwise safe bicycle path and created the hazardous condition that was the proximate cause of the plaintiff's injuries); *Reed v. Wal-Mart Stores, Inc.*, 298 Ill. App. 3d 712, 716 (1998) (a plaintiff does not need to prove actual or constructive notice where the defendant's employees placed a board with a rusty nail protruding from it in the pathway used by shoppers); *Wind v. Hy-Vee Food Stores, Inc.*, 272 Ill. App. 3d 149, 155 (1995) (a plaintiff does not need to prove actual or constructive notice where the defendant's employees placed mats by the store entrance but failed to tape down the curled edges of a mat, which caused the plaintiff to trip and become injured); *Piper v. Moran's Enterprises*, 121 Ill. App. 3d 644, 646 (1984) (negligence instruction was proper where the defendant's employees used a pallet to display products but failed to move the products forward on the pallet as instructed, which caused the plaintiff to become injured when she stood on the pallet to reach the product).

¶ 24    However, if it is a dangerous *condition* on the property that creates the injury-causing hazard, the claim is one of premises liability rather than ordinary negligence. See *Avila v. Chicago Transit Authority*, 2021 IL App (1st) 190636, ¶¶ 86-87 (premises liability instruction was proper where the plaintiff, who sustained injuries after falling down a staircase at a train station, alleged that the defendant chose not to have an anti-skid surface and handrails that extended to the landing); *Garcia v. Goetz*, 2018 IL App (1st) 172204, ¶¶17, 31 (premises liability instruction was proper where most of the plaintiff's allegations supported elements of a premises liability claim and most of the evidence showed that it was the condition of the defendant's basement stairway

that created the hazardous condition); *Nickon v. City of Princeton*, 376 Ill. App. 3d 1095, 1104-05 (2007) (approving IPI Civil No. 120.08 in a negligence action relating to a sidewalk fall); *Carey v. J.R. Lazzara, Inc.*, 277 Ill. App. 3d 902, 909 (1996) (jury instruction on notice was appropriate because liability was predicated on the dangerous condition existing on the defendant's premises, where the plaintiff fell down a staircase that lacked center handrails in violation of various safety codes and alleged that the defendant was negligent for failing to provide a center handrail and adequate lighting and for providing a winding stairway with narrow steps, one means of exiting the luncheon, and handrails that were not easily grasped).

¶ 25 At the jury instructions conference, plaintiff proffered the following ordinary negligence instruction, modeled after IPI Civil No. 20.01, which provided in relevant part:

"The plaintiff claims that [she] was injured and sustained damage, and that the defendant was negligent in one or more of the following respects:

(a) allowed the hole in the sidewalk to remain open;

(b) failed to exercise ordinary care to keep and maintain the sidewalk in proper and safe condition;

(c) failed to properly repair the hole in the sidewalk, thereby creating a hazardous condition for the residents and others lawfully on the sidewalk, including the plaintiff.

The plaintiff further claims that one or more of the foregoing was a proximate cause of [her] injuries."

¶ 26 The City's premises liability instruction, which ultimately was given to the jury, was modeled after IPI Civil No. 120.08 and read, in relevant part, as follows:

"[Plaintiff] seeks to recover damages from the defendant [City]. In order to recover damages, the plaintiff has the burden of proving:

First, the defendant controlled the property.

Second, there was a condition on the sidewalk which presented an unreasonable risk of harm to people on the sidewalk.

Third, the defendant knew, or in the exercise of ordinary care should have known, of both the condition and the risk.

Fourth, the defendant could reasonably expect that people on the sidewalk would not discover or realize the danger, or would fail to protect themselves against such danger.

Fifth, the defendant was negligent in one or more of the following ways:

(a) allowed the hole in the sidewalk to remain open;

(b) failed to exercise ordinary care to keep and maintain the sidewalk in a proper and safe condition; and

(c) failed to properly repair the hole in the sidewalk, thereby creating a hazardous condition for the residents and others lawfully on the sidewalk, including the Plaintiff.

Sixth, the plaintiff was injured.

Seventh, the defendant's negligence was a proximate cause of the plaintiff's injuries.

If you find from your consideration of all of the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant. On the other

hand, if you find from your consideration of all the evidence that each of these propositions have been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent."

¶ 27    IPI Civil No. 120.08 "is an accurate recitation of Illinois law." *Simich v. Edgewater Beach Apartments Corp.*, 368 Ill. App. 3d 394, 410 (2006). That includes the fourth element listed above, which relates to whether the condition of the defendant's property was open and obvious. See *id.* Under the open and obvious doctrine, "a party who owns or controls land is not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." (Internal quotation marks omitted.) *Bruns*, 2014 IL 116998, ¶ 16. For this reason, the Notes on Use specifically direct that IPI Civil No. 120.08 should be used in cases in which the plaintiff "claims that he/she was distracted and failed to observe an open and obvious defect on the property." IPI Civil No. 120.08, Notes on Use.

¶ 28    Generally, parties have a right to have the jury instructed on their respective theories of the case if those theories are supported by the evidence and reasonable inferences drawn therefrom. *Bailey v. Mercy Hospital & Medical Center*, 2020 IL App (1st) 182702, ¶ 84. We recognize that under circumstances where a landowner's conduct in creating an unsafe condition precedes the plaintiff's injury, a plaintiff may elect to pursue a negligence claim, a premises liability claim, or both because plaintiffs, as the masters of their complaint, are entitled to proceed under whichever theory they decide, so long as the evidence supports such a theory. *Smart*, 2013 IL App (1st) 120901, ¶ 54; *Reed*, 298 Ill. App. 3d at 718.

¶ 29    Here, the allegations and evidence do not support plaintiff's desired theory of ordinary negligence because the City did not engage in any conduct that created the hole in the sidewalk.

Plaintiff's complaint outlined a theory of premises liability, rather than a theory of ordinary negligence. Specifically, her complaint alleged that the City failed to repair the hole in the sidewalk.

¶ 30    Furthermore, the evidence in this case required that it be submitted to the jury as a premises liability case. Plaintiff's claim of liability was predicated on the dangerous *condition* existing on the City's sidewalk, and not on the City's negligent activities or business. See *Carey*, 277 Ill. App. 3d at 909. Plaintiff's theory was that her injuries were caused by the condition of the sidewalk in that it had a hole that was large enough for her to step into with both of her feet. Even assuming that the City's repair of its sidewalks constitutes a business of the City (a proposition with which the City disagrees), the evidence establishes that the hole did not arise as part of the City's business because the City never repaired the hole. This is not a situation where defendant undertook the action of making a repair but did so negligently and thereby created the hazardous condition.

¶ 31    Plaintiff cites *Wind*, 272 Ill. App. 3d 149, and *Piper*, 121 Ill. App. 3d 644, to support her contention that a defendant's acts of omission may constitute evidence of the defendant's activity under an analysis of ordinary negligence versus premises liability jury instructions. Plaintiff's reliance on those cases, however, is misplaced. Contrary to plaintiff's assertions on appeal, in *Wind*, the defendant's activity was not the omission of failing to tape down the curled edges of the mat but, rather, was the defendant's action of placing that mat by the front door of the store. 272 Ill. App. 3d at 155. In *Piper*, the defendant's activity was not the omission of failing to move products forward on the pallet but, rather, was the defendant's action of using the pallet to display the products. 121 Ill. App. 3d at 646.

¶ 32    Regarding plaintiff's objection to the inclusion of additional elements relating to notice and an unreasonable risk of harm posed by the condition, the Local Governmental and Governmental Employees Tort Immunity Act requires those elements to be proven in any negligence action against the City. 745 ILCS 10/3-102(a) (West 2016) ("[A] local public entity *** shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe."); see *Nickon*, 376 Ill. App. 3d at 1105 ("constructive notice to the city was a required element" of the jury instructions). Furthermore, plaintiff's assertion that the open and obvious doctrine applies only as an affirmative defense that the plaintiff was contributorily/comparatively negligent contravenes Illinois Supreme Court precedent. See *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 34 ("[T]he requirement of an open and obvious danger is not merely a matter of the plaintiff's contributory negligence, or the parties' comparative fault, but rather a lack of the defendant's duty owed."). Therefore, the instruction issued in this case properly included those elements.

¶ 33    To support her claim of error, plaintiff cites *Glass v. City of Chicago*, 323 Ill. App. 3d 158 (2001), where a witness made multiple requests to the city to repair a hole in its sidewalk, beginning one year before the hole caused the plaintiff to trip and fall. *Glass* held that the trial court erred when, *inter alia*, it refused the plaintiff's ordinary negligence instruction and, instead, instructed the jury that the plaintiff has the burden to prove "[t]hat the defendant should have anticipated that [people] on the premises would not discover or realize the danger, or would otherwise fail to protect themselves against it." (Internal quotation marks omitted.) *Id.* at 167. In so ruling, *Glass* stated that the city's liability was based upon its negligent activity of failing to repair a sidewalk. *Id.* Without citing any relevant authority, *Glass* apparently concluded that the

city's omission constituted negligent activity. We find *Glass* unpersuasive; it failed to conduct any analysis of the distinction between cases involving liability premised on a condition existing on the land, as opposed to a landowner's conduct or activity creating the injury-causing hazard.

¶ 34 Furthermore, *Glass*'s holding rested on the notion that the " 'open and obvious doctrine' [is] inapplicable to municipalities in sidewalk cases" (*id.*). However, *Bruns* involved a fall on a municipal sidewalk, and the Illinois Supreme Court applied the doctrine (*Bruns*, 2014 IL 116998, ¶ 17 ("sidewalk defects *** may also constitute open and obvious dangers"); see *Foy v. Village of La Grange*, 2020 IL App (1st) 191340, ¶ 22; *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1029 (2005); *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 85-86 (2004); *Bonner v. City of Chicago*, 334 Ill. App. 3d 481, 484 (2002)). *Glass*, 323 Ill. App. 3d at 167, relied on the view that the open and obvious doctrine does not apply to ordinary negligence cases. However, the Illinois Supreme Court has rejected that conclusion. See *Bruns*, 2014 IL 116998, ¶¶ 13, 15-16 (explaining that the open and obvious doctrine affects whether the defendant owes the plaintiff a duty, the existence of which is a necessary prerequisite to any negligence case). Accordingly, we decline to follow *Glass*. *Garcia*, 2018 IL App (1st) 172204, ¶¶ 3, 16, 31, is a more recent pronouncement of this court that is in line with supreme court precedent. It held that the IPI Civil 120 series was proper when the injury was caused by condition on the property. That is the case here.

¶ 35 The trial court correctly followed the Notes on Use in IPI Civil No. 120.08, which provide: "If the action alleges that an activity on the premises caused the injury or that the dangerous condition arose as part of the defendant's business, use IPI 20.01 ***." IPI Civil No. 120.08, Notes on Use. This case does not allege either circumstance justifying the use of IPI Civil No. 20.01. Plaintiff's claim was that the City did not do anything on the premises—*i.e.*, it failed to repair the

sidewalk condition. The hole passively existed on the City's property, and the City failed to repair it. Although City employees visited the location and entered repair recommendations into the City's system, none of that evidence suggested that the City conducted any activity on the premise that created the condition. IPI Civil No. 20.01 was inapplicable because plaintiff's injury was caused by the mere existence of the hole. Nor did the hole arise as part of the City's business. *Cf. Reed*, 298 Ill. App. 3d at 716-17 (the board located in the aisle and surrounded by the defendant's merchandise was related to the defendant's business because the defendant used such boards to display its merchandise); *Wind*, 272 Ill. App. 3d at 155 (the floor mats defendant's employees installed to accommodate customers wishing to purchase the defendant's products were related to the defendant's business); *Piper*, 121 Ill. App. 3d at 652-53 (the pallet placed in the store by the defendant's employees was an integral part of the defendant's marketing scheme).

¶ 36    Thus, we cannot say that the trial court abused its discretion by instructing the jury on premises liability rather than ordinary negligence.

¶ 37    We also note that, even if the court had abused its discretion, reversal would remain unwarranted because plaintiff cannot show prejudice from the use of IPI Civil No. 120.08. To show prejudice, "there must be a reasonable basis supporting the conclusion that, but for the error, the verdict might have been different." *Doe v. University of Chicago Medical Center*, 2014 IL App (1st) 121593, ¶ 87. In addressing this question, the court "must view the evidence in the light most favorable to the jury's verdict." *Davis v. City of Chicago*, 2014 IL App (1st) 122427, ¶ 70.

¶ 38    The general verdict rule prevents plaintiff from establishing that the sole basis for the jury's verdict was the use of IPI Civil No. 120.08 and the verdict might have been different but for its use. The general verdict rule provides that in the absence of any indication in the record as to which

theory of liability the jury rested its decision on, a defendant may not obtain relief from the jury's verdict if at least one theory of liability would be sufficient to sustain the verdict. *Blockmon v. McClellan*, 2019 IL App (1st) 180420, ¶ 21. "When there is a general verdict and more than one theory is presented, the verdict will be upheld if there was sufficient evidence to sustain either theory, and the [moving party], having failed to request special interrogatories, cannot complain." (Internal quotation marks omitted.) *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 101 (2010). "In other words, where multiple claims, theories, or defenses were raised, a general verdict creates a presumption that the jury found in favor of the victorious party on every claim, theory, or defense raised." *Perez v. St. Alexius Medical Center*, 2022 IL App (1st) 181887, ¶ 64. Thus, the general verdict rule applies unless plaintiff can show that the verdict was improper on "all of the theories of liability on which the jury's verdict might rest." (Emphasis omitted.) *Blockmon*, 2019 IL App (1st) 180420, ¶ 21.

¶ 39      Plaintiff challenges the jury's verdict, based on the finding that she failed to prove the City "could reasonably expect that people on the sidewalk would not discover or realize the danger, or would fail to protect themselves against such danger." But another potential basis supports the verdict that has nothing to do with that element of IPI Civil No. 120.08. Contributory negligence was a potential basis for the verdict, and the evidence was sufficient for the jury to have concluded that plaintiff was more than 50% negligent where the weather was clear and dry during the daylight hours and she walked straight into an unobscured hole in the sidewalk. See *Orzel v. Szewczyk*, 391 Ill. App. 3d 283, 290 (2009) (where verdict could have been based either on the plaintiff's failure to meet her burden of proof or on contributory negligence, the general-verdict rule requires

affirmance). Accordingly, we presume that the jury found that plaintiff was more than 50% contributorily negligent and affirm the judgment.

¶ 40                                       III. CONCLUSION

¶ 41     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 42     Affirmed.

*Martin v. City of Chicago*, **2023 IL App (1st) 221116**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-L-9485; the Hon. Joan E. Powell, Judge, presiding. |
| **Attorneys for Appellant:** | David Nemeroff, of Nemeroff Law Offices, Ltd., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Mary B. Richardson-Lowry, Acting Corporation Counsel, of Chicago (Myriam Zreczny Kasper, Suzanne M. Loose, Stephen G. Collins, and Daniel E. Alperstein, Assistant Corporation Counsel, of counsel), for appellee. |