2024 IL App (1st) 232396-U

No. 1-23-2396

Order filed November 1, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| NANCY A. JOHANSEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 009002 |
| | ) | |
| MENARD, INC., d/b/a MENARDS, | ) | Honorable |
| | ) | Thomas V. Lyons II, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE Tailor delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in refusing to instruct the jury on contributory negligence where no evidence supported that theory.

¶ 2    Defendant Menard, Inc., d/b/a Menards, appeals from the trial court's order (1) entering judgment for plaintiff Nancy A. Johansen on her suit for damages that arose from an accident on Menards's premises, (2) amending the judgment, and (3) denying Menards's motion for a new

trial.[1] On appeal, Menards contends that the trial court abused its discretion when it refused to instruct the jury on contributory negligence and when it denied Menards's motion for a new trial. We affirm.

¶ 3    The following facts are adduced from the pleadings, testimony, and exhibits of record.

¶ 4    On August 24, 2020, Johansen and her husband, Donald,[2] filed a complaint against Menards seeking damages for injuries Johansen suffered when multiple fluorescent light bulbs fell from a shelf and struck her head at a Menards store in Melrose Park. The amended complaint omitted Donald as a plaintiff and alleged two counts, one for negligence (count I) and the other for *res ipsa loquitur* (count II).

¶ 5    In the prayer for relief in its answer to Johansen's initial complaint, Menards asked the trial court to reduce any award to Johansen "by the proportion or amount by which Johansen's own negligence caused and contributed to her injuries or damages." Menards omitted that language in its answer to Johansen's amended complaint.

¶ 6    The case proceeded to a jury trial. Johansen testified that on August 25, 2018, she and Donald visited a Menards store to purchase fluorescent light bulbs. She was unable to locate the light bulbs so she approached an unidentified store clerk for assistance, who then guided Johansen to the aisle where the light bulbs were located.

¶ 7    According to Johansen, the light bulbs were individually displayed without packaging and were stacked vertically on a store shelf. The shelf was four feet off the ground. Johansen introduced two photographic exhibits into evidence which, according to her, showed the "bay" where the light

---

[1] The initial complaint identified Nancy A. Johansen and her husband, Donald R. Johansen, as plaintiffs but was amended to omit the latter as a plaintiff. We adopt the caption from the amended complaint.

[2] As plaintiff and her husband have the same last name, we refer to plaintiff's husband by his first name.

bulbs were stocked. However, there are no photographs in the record on appeal. Johansen testified that on the day of her accident the shelf did not have "metal dividers between the bulbs," or a metal beam "across it to hold the bulbs back."

¶ 8 Johansen told the store clerk that she wanted four light bulbs. The store clerk removed the light bulbs one at a time and handed each to Donald, who then stacked them in a shopping cart. After the store clerk handed the last light bulb to Donald, Johansen turned to face the store clerk to thank him when she heard a "rolling sound." When she turned towards the direction that the sound was coming from she saw light bulbs rolling off the shelf. The bulbs then struck the top of her head. Johansen testified that she developed pain in her head, neck, right shoulder, and back after the accident. She visited a chiropractor and a physical therapist to treat her pain.

¶ 9 Johansen called Wesley Parkhurst, the assistant general manager at the Menards store, as an adverse witness. Parkhurst testified that "[m]ost single bulbs are [sold] in a container." Parkhurst acknowledged that at his discovery deposition he testified that individual light bulbs are sold without containers. Parkhurst did not witness or investigate the incident, nor did he attempt to identify or speak to the store clerk who assisted Johansen. No security camera was pointed towards the aisle where the accident occurred.

¶ 10 On cross-examination, Parkhurst testified that light bulbs which are sold individually, as opposed to in a multipack, are sold in a "square package" consisting of a "cardboard box all the way around the entire light bulb," and are never sold outside such packaging. On the shelf, light bulbs are "configured vertically in-between" dividers and will not tip forward "[b]ecause they're leaning back, against the back of the shelf" and there is a "toe board up front that prevents them from sliding forward."

¶ 11    The trial court held a jury instruction conference off the record. After the trial court tendered its instructions to the jury, the court summarized the conference for the record. The trial court noted, *inter alia*, that the issue of whether the court should instruct the jury on contributory negligence was discussed. The trial court then permitted Menards to object on the record to the court's refusal to instruct the jury on Menards's proposed jury instruction number five, Illinois Pattern Jury Instructions, Civil, No. 10.03 (approved December 8, 2011) (hereinafter IPI Civil No. 10.03), regarding contributory negligence.[3]

¶ 12    Menards asserted that "there's a good faith basis to argue that a fair inference drawn from the facts we heard and the photos we saw *** that [the accident] didn't happen [Johansen's] way and, therefore, there was contributory negligence." Menards argued that the inconsistencies between the testimony of Johansen and Parkhurst is circumstantial evidence that may have led the jury to believe that Johansen "must be contributory to some extent." The trial court found that Johansen's "uncontested, unrebutted, [and] uncontradicted" testimony was that a clerk at Menards's store handled the light bulbs "which then led to the fall," and that there was no evidence of negligence by Johansen. The trial court ruled that its decision to not instruct the jury on contributory negligence therefore would stand.

¶ 13    The jury returned a $140,000 verdict in favor of Johansen, on which the trial court entered judgment.[4] On October 25, 2023, the trial court entered an agreed order to amend the judgment to add court costs and prejudgment interest.

---

[3] Defendant's brief mentions IPI Civil 10.03 and IPI Civil No. 11.01, but the report of proceedings indicates that defendant only objected to the trial court's refusal of IPI Civil 10.03, a copy of which is in the record on appeal.

[4] Though not discussed by either party in their briefs, the trial court instructed the jury to use verdict form A "[i]f you find for [plaintiff] and against [defendant], and if you further find that [plaintiff] was not contributorily negligent." However, that form, which is included in the record on appeal, does not mention contributory negligence. The jury subsequently entered its verdict using verdict form A.

¶ 14    Menards filed a posttrial motion to vacate the trial court's original and amended orders and for a new trial where the jury would be instructed on contributory negligence. Menards argued that the trial court should have instructed the jury on contributory negligence because there was circumstantial evidence that Johansen was "at least in part" the cause of her own injuries. Johansen responded, *inter alia*, that Menards was not entitled to a contributory negligence instruction because Menards did not specifically plead it as an affirmative defense in its answer to Johansen's original or amended complaint, and that, regardless, there was no evidence that Johansen was contributorily negligent. Following a hearing, the trial court denied Menards's posttrial motion.

¶ 15    On appeal, Menards contends that the trial court abused its discretion when it refused to instruct the jury on contributory negligence and when it denied Menards's motion for a new trial.

¶ 16    Menards points to the incongruity between the testimony of Johansen and Parkhurst regarding the configuration of the shelf on which the light bulbs were displayed, the way individually-sold light bulbs are packaged, and Johansen's testimony that she was hit on the top of her head by falling light bulbs even though the shelf was only four feet off the ground. According to Menards, these differences entitled Menards to assert that "Johansen's story was fictional and that *she* manipulated the bulbs in a way that caused them to fall on her," and that the jury should have been allowed to consider whether Johansen's testimony "was so unbelievable that it raised an inference that she caused or contributed to her own injuries." (Emphasis in original.)

¶ 17    Johansen argues that because Menards did not specifically plead contributory negligence in its answer to her complaint, Menards waived its right to have the jury instructed on contributory negligence. In support of her argument, Johansen points to Menards's failure to plead specific facts in its original answer supporting its assertion that Johansen was contributorily negligent and

Menards's failure to plead contributory negligence at all in its answer to the amended complaint. Johansen also contends that "contributory negligence was not an issue in this case until Menards tendered jury instructions on the issue." In support of this contention, Johansen points to the parties' failure to "prepare to address" contributory negligence at trial and the parties' failure to mention Johansen's contributory negligence during opening statements.

¶ 18     Menards responds that Johansen was not surprised by its contributory negligence claim. Menards points to the prayer for relief in its answer to Johansen's initial complaint, in which it asked the trial court to reduce any award to Johansen "by the proportion or amount by which Plaintiff's own negligence caused and contributed to her injuries or damages." Menards asserts that its prayer for relief placed Johansen "on notice" of Menards's contributory negligence defense.

¶ 19     A trial court is not required to instruct the jury regarding issues not raised in the pleadings. *Garcia v. Goetz*, 2018 IL App (1st) 172204, ¶ 28. The public policy behind this rule is to "prevent unfair surprise to [a] plaintiff at trial." *Hawkins v. Chicago Comm'n on Human Relations*, 2020 IL App (1st) 191301, ¶27. We note that although a plaintiff may not be completely surprised by a defendant's contributory negligence defense, a defendant cannot rely on a plaintiff's awareness of a possible affirmative defense as an excuse to not affirmatively plead it. *Id*. at ¶ 31. A defendant's failure to plead an affirmative defense before judgment constitutes waiver. See *Horwitz ex rel. Gilbert v. Bankers Life and Cas. Co.*, 319 Ill. App. 3d 390, 399 (2001)

¶ 20     We find that Menards waived any contributory negligence defense. Menards's prayer for relief in its answer to the original complaint requested the trial court to reduce any award to Johansen "by the proportion or amount by which Plaintiff's own negligence caused and contributed to her injuries or damages." However, Menards failed to allege any facts to support its defense that Johansen was negligent. And then when filed its answer to Johansen's amended

complaint, it failed to even plead contributory negligence. And it never sought leave to amend its complaint to conform its pleading to the proofs. Having failed to plead it, Menards waived its contributory negligence claim against Johansen.

¶ 21    Waiver aside, we also find that the trial court did not abuse its discretion in finding no evidence to support the contributory negligence instruction sought by Menards. The decision to provide a particular jury instruction falls within the discretion of the trial court and we cannot disturb that determination absent an abuse of discretion. *Heastie v. Roberts*, 226 Ill. 2d 515, 543 (2007). An abuse of discretion occurs when a trial court refuses to give a party's proffered jury instruction that states the legal principles applicable to the case if (1) the instruction is supported by the evidence, and (2) such refusal prejudices the party's right to a fair trial. *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 562-23 (2008). In a civil case, the threshold to permit a jury instruction is "modest" and the standard to reverse a judgment based on the failure to give an instruction is high. *Heastie*, 226 Ill. 2d at 543.

¶ 22    Generally, a litigant is entitled to a jury instruction if there is " 'some evidence' " in the record to support the litigant's theory. *Stift v. Lizzadro*, 362 Ill. App. 3d 1019, 1026 (2005) (quoting *Maddox v. Rozek*, 265 Ill. App. 3d 1007, 1009 (1994)). However, it is within the discretion of the trial court to determine what issues have been raised by the evidence. *Martin v. City of Chicago*, 2023 IL App (1st) 221116, ¶ 18. Though the evidence required to justify the granting of a particular jury instruction is slight, we cannot reweigh the evidence, nor can we determine whether the evidence should lead to a certain conclusion. *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 100 (1995).

¶ 23    Johansen argues that the record is insufficient to determine whether the trial court abused its discretion because there is no transcript of the jury instruction conference or a substitute. We

disagree, as the report of proceedings contains Menards's objection to the trial court's refusal to instruct the jury on contributory negligence and the trial court's explanation that there was no evidence that warranted a contributory negligence instruction. This, together with the report of the trial proceedings, is sufficient for our examination of the issue.

¶ 24      The trial court had the discretion to decide what issues were raised by the evidence (*Martin*, 2023 IL App (1st) 221116, ¶ 18), and it found no evidence of contributory negligence. Specifically, the trial court found that Johansen's "uncontested, unrebutted, uncontradicted testimony" was that a store clerk at Menards handled the light bulbs "which then led to the fall" and that Johansen "never made contact with" the light bulbs. This is an accurate reflection of the evidence. Parkhurst merely testified regarding how lightbulbs were displayed and acknowledged he did not witness or investigate the incident. Accordingly, the trial court did not abuse its discretion when it refused to instruct the jury on contributory negligence where no evidence supported that theory.

¶ 25      Even if Menards had not waived the issue, because the trial court did not abuse its discretion in refusing to instruct the jury on contributory negligence, we need not discuss whether the court abused its discretion when it denied Menards's posttrial motion for a new trial grounded in the same contributory negligence defense.

¶ 26      Accordingly, we affirm the judgment of the trial court.

¶ 27      Affirmed.