2026 IL App (1st) 242458-U

No. 1-24-2458

Order filed March 26, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| AMANDA JOHNSTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 65027 |
| | ) | |
| KELLY HANCOCK and ROBERT HANCOCK, | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The order of the circuit court granting defendants' motion for summary judgment on plaintiff's premises liability claim is reversed, as there is a genuine issue of material fact regarding whether an alleged defect on the defendants' property was a proximate cause of the plaintiff's injury.

¶ 2    Plaintiff Amanda Johnston ("Johnston") appeals from the trial court's grant of summary judgment in favor of defendants Kelly Hancock ("Kelly") and Robert Hancock ("Robert") in this premises liability action. On appeal, Johnston contends that the trial court erred in granting

summary judgment because genuine issues of material fact existed regarding whether an alleged defect on defendants' property was a proximate cause of her injury. For the following reasons, we reverse and remand for further proceedings.

¶ 3    Johnston filed a complaint for negligence against defendants, alleging that while she was an invitee on defendants' property, she was injured when she stepped in a hole near a newly constructed pool deck and fell due to a defect on the property, causing her injury. Defendants filed an answer alleging, *inter alia*, that Johnston failed to observe an open and obvious condition. Defendants also asserted the affirmative defense of contributory negligence.

¶ 4    Thereafter, defendants filed a motion for summary judgment, arguing that Johnston could not show that a dangerous condition on the property presented an unreasonable risk of harm given her testimony that she slipped on water on the pool stairs and the alleged defect did not cause her fall. Defendants denied owing a duty to Johnston regarding the water on the stairs, as it was an open and obvious condition which did not require a warning. Defendants attached the depositions of Johnston, Kelly, Kelly's nephew Tom McNeilly ("Tom"), and Krystle McNeilly ("Krystle") to the motion.

¶ 5    Johnston testified that, on July 4, 2020, she was at Kelly's home. It was a clear, sunny day. Outside the home was a pool surrounded by a "newly installed deck." A photograph attached to Johnston's deposition depicts an above-ground pool in a grassy yard. A wooden staircase with five steps and railings on each side leads from the ground to a wooden platform abutting the pool. Next to right side of the bottom stair is a round grassless patch, and two round paving stones leading to the patch. Another photograph depicts a small tub of water on the ground in front of the bottom stair, a flip-flop to the right of the stair, and three round paving stones; the flip-flop appears to rest

on the same grassless patch that is visible in the other photographs.

¶ 6    Johnston testified that, while on the deck with other party guests, she consumed a cocktail and a canned seltzer. At one point, everyone was "called down" for cake from the pool deck. Johnston was one of the last people down the stairs, and she did not see anyone trip or fall. Johnston, who was barefoot, held the railing as she descended. She was behind Krystle and moved to the left to give Krystle, who was pregnant, space. Johnston saw a tub of water in front of her at the bottom of the stairs so she "veered" to the left. On the "last step," she slipped on water. Her left foot "planted into [a] dirt hole," her ankle rolled, and she fell to the ground. Her ankle was "immediately" inflamed and throbbing.

¶ 7    According to Johnston, the hole was "[m]aybe a few inches" deep, where a "stepping stone" was missing. She could not see the hole as she descended. Although the last step was wet, she did not remember whether the other stairs were wet. She did not hear anyone say to be careful of the hole or to watch her step. Johnston agreed that "the hole is what caused [her] to fall even further" and that "the hole compromised [her] ability to stabilize [herself]." She did not believe she would have been injured to the degree she was if the hole was not present and that the hole caused or greatly contributed to her injury. Johnston also testified that the pain in her ankle persisted and, after seeing multiple medical providers, she was ultimately diagnosed with nerve damage.

¶ 8    Kelly testified that, on July 4, 2020, Johnston and Tom attended a party at Kelly's home. Kelly denied that there was a hole in the ground, but said they removed a paver, leaving a "little spot" with not "much" of an indent and "barely" any depression in the ground. She testified that she told "people to be careful all of the time." She did not mention that missing paver specifically

because "there was really nothing *** to worry about." Kelly did not witness Johnston's fall.

¶ 9       Tom testified that he did not see Johnston fall. Johnston told Tom that she fell due to a hole next to the stairs. Tom described it as "a small divot" in the ground by the stairs, three to four inches deep and three inches "around." He believed that Kelly told "everybody to be careful of that little hole."

¶ 10     Krystle, Tom's sister-in-law, testified that she and Johnston descended the stairs together. As they talked, Johnston "fell into a hole" or "like a ditch." Krystle elaborated that Johnston held a railing with one hand and had a drink in the other. Krystle, then pregnant, looked at the stairs as she descended. At one point, Krystle saw Johnston "leaning towards the end of the stairs where she was going to lose her footing." Krystle grabbed Johnston's right arm. Although Krystle prevented Johnston from falling, Johnston leaned to the left with her right foot on the stair. Krystle did not remember Johnston "losing a step;" rather, Johnston leaned "to a point where she was going to fall." Krystle testified that the stairs were not wet or slippery and no one else fell. Krystle asked if Johnston was alright and Johnston said, "yeah, yeah. I'm fine." Krystle told the other guests that Johnston "pretty much lost her balance."

¶ 11     According to Krystle, Johnston fell into a "little dip" with grass and mud, "[m]aybe [an] inch" deep and "maybe a foot or less than a foot" wide. Krystle did not "directly" pay attention to the location of Johnston's foot and did not know whether the stair or the "dip" caused Johnston to lean. Krystle agreed that Kelly "[a]lways" told everyone to be careful.

¶ 12     At a hearing on the motion, defense counsel argued that Johnston could not establish that a dangerous condition on the property created an unreasonable risk of harm when she slipped on water on the stairs and fell into an "indent" in the grass. Counsel argued that no evidence

established that the alleged defect in the grass caused Johnston's fall; rather, that was where she landed after she slipped on the stairs. Johnston's counsel acknowledged that Johnston "slipped" on water on the stairs, but asserted that the proximate cause of the fall was her foot landing in a hole, which caused her ankle to roll and her to fall to the ground. Counsel asserted that the proximate cause of the fall was the hole because a reasonable jury could find that, had Johnston landed on "level ground," she would not have fallen. The trial court granted defendants' motion for summary judgment.

¶ 13    Johnston filed a motion to reconsider, arguing that the trial court inappropriately decided an issue of material fact related to proximate cause and construed the evidence against Johnston as the nonmoving party. The trial court denied the motion, finding that Johnston could not prove proximate cause when it was "undisputed" that no defect existed on the stairs and she did not allege that any defect caused her to fall on the stairs. Further, the stairs were "safely used many times" by other guests and any water on the stairs would have been open and obvious as they were "pool stairs." The court found that no evidence established that the "hole" or "dip" caused Johnston to fall, and the fact that she "planted" her foot in the "dip" after her fall did not establish proximate cause. In other words, but for Johnston's fall on the stairs, she would not have encountered the "depression" in the grass. Finally, the court noted that the depression was "noticeable" to guests, and therefore, was open and obvious. This appeal follows.

¶ 14    On appeal, Johnston contends that summary judgment was improper because genuine issues of material fact exist as to whether the alleged defect proximately caused her injury. Defendants respond that there is no genuine issue of fact that the wet stairs, rather than the alleged defect, caused Johnston's fall and injury.

¶ 15    Summary judgment may be granted when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2024). A genuine issue of material fact exists where the material facts are disputed or, if they are undisputed, where reasonable persons might draw different inferences from them. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 31. Because summary judgment is a drastic measure, it should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). All pleadings, depositions, admissions, and affidavits are construed against the moving party. *Id.* at 131-32. We review the circuit court's grant of summary judgment *de novo*. *Johnson*, 2022 IL 127942, ¶ 31.

¶ 16    A premises liability claim requires proof of the three elements of ordinary negligence,  the existence of a duty, a breach of that duty, and an injury proximately caused by the breach, plus proof that (1) there was a condition on the property that presented an unreasonable risk of harm, (2) the defendant knew or reasonably should have known of the condition and the risk, and (3) the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger. *Martin v. City of Chicago*, 2023 IL App (1st) 221116, ¶ 22. Here, defendants argued that Johnston did not establish there was a condition on the property which presented an unreasonable risk of harm or that any negligence was a proximate cause of Johnston's injury.[1]

¶ 17    To establish proximate cause, a plaintiff may use circumstantial evidence comprising "facts

---

[1] Although in the trial court defendants argued the wet pool stair constituted an open and obvious condition, defendants do not make this argument on appeal and thus, it is forfeited. Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited[.]").

and circumstances that, in the light of ordinary experience, reasonably suggest that the defendant's negligence operated to produce the injury." *Aalbers v. LaSalle Hotel Properties*, 2022 IL App (1st) 210494, ¶ 17. Proximate cause is generally a question of fact, but it becomes a question of law when the facts alleged by a plaintiff indicate that she would "never be entitled to recover." *Id.* ¶ 16. "[A] proximate cause need not be the only, last or nearest cause; it is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes injury." *Leone v. City of Chicago*, 235 Ill. App. 3d 595, 603 (1992). If a trier of fact could make a reasonable inference that the defendant's conduct proximately caused the plaintiff's injury, then summary judgment is not appropriate. *Radtke v. Schal-Bovis, Inc.*, 328 Ill. App. 3d 51, 58 (2002).

¶ 18    We find that there is a disputed issue of material fact regarding the proximate cause of Johnston's injury. Initially we note that while defendants assert that it is undisputed that Johnston slipped and fell due to a wet step on the stairs, there was conflicting evidence regarding whether the stairs were wet. While Johnston testified that the last step on stairs was wet, Krystle testified that the stairs were not wet. Additionally, each witness provided differing descriptions of the alleged defect, the "hole" or "depression" in the grass—ranging between an inch and four inches deep, and from three inches to a foot wide. These descriptions could lead to differing inferences regarding whether the alleged defect was, in fact, a defective condition of the property, whether the alleged defect was open and obvious, and if the alleged defect was a proximate cause of Johnston's injury.

¶ 19    Johnston also testified that the hole "compromised her ability to stabilize [herself]" and that it was "what caused [her] to fall even further." This testimony supports the existence of a genuine issue of material fact as to whether the alleged defect constituted an unsafe condition that

prevented Johnston from landing safely after she slipped on the stairs, such that the hole was a proximate cause of Johnston's injury. A reasonable jury could draw the inference, based on conflicting evidence regarding the width and depth of the alleged defect, that the alleged defect impacted Johnston's ability to land safely after slipping on the stairs, and thus, that the alleged defect was a proximate cause of the injury to her ankle. *Radtke*, 328 Ill. App. 3d at 58.

¶ 20    Defendants argue that it is undisputed that Johnston fell due to the wet stairs, and the fall from the stairs, rather than landing on the alleged defect, is what ultimately caused her injury. We disagree. There is a genuine dispute of material fact as to whether the stairs were wet and if so, whether the wet stair was the sole proximate cause of her injury.  There is also a genuine question of material fact as to whether the hole was a cause of Johnston's ankle injury by impacting her ability to land safely. Johnston testified that she rolled her ankle when landing in the hole, which was between an inch and four inches deep as compared to the surrounding grass. It is a reasonable inference from the evidence in the record to conclude that, but-for the alleged defect, Johnston would have been able to land safely and would not have been injured.

¶ 21    We find that a genuine issue of material fact exists regarding whether the alleged defect was a proximate cause of Johnston's injury which precludes the entry of summary judgment in favor of defendants.

¶ 22    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County, and remand the cause for further proceedings.

¶ 23    Reversed and remanded.